DA 10-0262

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 38N

RICHARD GOLD,

      Plaintiff and Appellant,

   v.

CITY OF MISSOULA, MISSOULA LAW
ENFORCEMENT, COUNTY OF MISSOULA,
MISSOULA COUNTY SHERIFF,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DV 03-046 Honorable Douglas G. Harkin, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

      Richard Gold (self-represented), Missoula, Montana

      For Appellees:

      Keithi M. Worthington, Missoula City Attorney; William Levine and Tara M. Rose-Miller, Legal Interns, Missoula, Montana (City of Missoula and Missoula Law Enforcement)

      Dorothy Brownlow, Deputy County Attorney, Missoula, Montana (County of Missoula and Missoula County Sheriff)

                       Submitted on Briefs:  February 1, 2011
                                Decided:  March 2, 2011

Filed:

_____
                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      This lengthy legal battle stems from the impoundment and sale of Richard Gold's (Gold) 1981 Honda Accord in 2001. In January 2003, Gold sued the City of Missoula, Missoula County, and their respective law enforcement agencies (Defendants) for the value of the car and the personal property inside the car, for violating various constitutional rights ("eminent domain," "due process," "equal protection," and "unreasonable search and seizure"), loss of use, and mental and emotional distress. What followed were numerous motions for summary judgment by both sides, motions to compel, a petition for a writ of supervisory control to this Court, and long periods of inactivity, all culminating in the final order in this case which granted summary judgment to Defendants and dismissed Gold's lawsuit with prejudice.

¶3      Gold raises several issues on appeal. Defendant City of Missoula requests that Gold's references to a prior case, which was appealed to this Court and a final order issued on May 4, 2010, be stricken. Each issue, and the facts relevant to each issue, will be addressed separately.

¶4      *Issue One: Should Gold's references to a prior case be stricken?*

¶5      Gold makes several references to a prior action in which he sued the State of

Montana, the Montana Legislature, and Governor Brian Schweitzer, claiming his rights under various provisions of the Montana Constitution were violated and he was left at an "unequal disadvantage" when he was denied appointed counsel in this case. We affirmed the District Court's order in a memorandum decision. *See Gold v. State*, 2010 MT 102N. The Defendants seek to have those references stricken.

¶6 Rule 12(f) of the Montana Rules of Civil Procedure allows a court to strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading. We find references to Gold's prior action immaterial to the present appeal and are therefore stricken.

¶7 *Issue Two: Did the District Court violate Gold's right to confront witnesses when it allowed affidavits to be considered at the summary judgment stage?*

¶8 Gold argues the use of affidavits at the summary judgment stage violated his right to confront witnesses. His argument is based upon the Sixth Amendment to the United States Constitution and *Crawford v. Washington*, 541 U.S. 36 (2004). The Defendants argue that those authorities are relevant to criminal trials only, not to Gold's civil case. We agree. *Crawford* does not apply to civil cases. *In re T.W.*, 2006 MT 153, ¶ 13, 332 Mont. 454, 139 P.3d 810. The right to confront witnesses in a civil case applies *at trial*. *Bonamarte v. Bonamarte*, 263 Mont. 170, 174-75, 866 P.2d. 1132, 1135 (1994); M. R. Evid. 611(e) (emphasis added). Rule 56 of the Montana Rules of Civil Procedure clearly allows affidavits to accompany motions for summary judgment. We find no error.

¶9 *Issue Three: Was Gold's right to a speedy jury trial violated?*

¶10    Gold argues the District Court denied him the right to a speedy jury trial by allowing the Defendants to move for summary judgment several times. The Defendants argue no speedy jury trial right exists in the civil setting. We agree. "The right of jury trial on any issue of fact . . . is provisional, and if the evidence fails to form such issue of fact, the right of jury trial disappears." *Federal Land Bank of Spokane v. Snider*, 247 Mont. 508, 513, 808 P.2d 475, 478-79 (1991). In other words, if there are no issues of fact, there is no jury trial. The District Court did not err.

¶11    *Issue Four: Did the District Court err when it granted summary judgment to Defendants on all issues?*

¶12    Gold argues the District Court erred when granting summary judgment to Defendants because there are genuine issues of material fact. Defendants argue that summary judgment was proper on all issues because there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

¶13    Our review of a district court's summary judgment decision is de novo. *Thornton v. Flathead County*, 2009 MT 367, ¶ 13, 353 Mont. 252, 220 P.3d 395. We review a district court's conclusions of law for correctness. *Id*.

¶14    The District Court granted summary judgment to Defendants on the following:

1. Gold's due process claim, on March 4, 2004;

2. Gold's unreasonable search and seizure claim, eminent domain claim (for the car itself), equal protection claim, and loss of use claim, on June 22, 2004; and

3. Gold's eminent domain claim (for his personal property inside the car), and mental and emotional distress claims, on April 20, 2010.

4

### A. Due Process

¶15     Due process generally requires notice of a proposed action that could result in the deprivation of a property interest and the opportunity to be heard. *Pickens v. Shelton-Thompson*, 2000 MT 131, ¶ 13, 300 Mont. 16, 3 P.3d 603. Sufficient notice to comport with due process is that which is reasonably calculated, under all circumstances, to inform the parties of proceedings which may directly affect their legally protected interests. *Id*. at ¶ 15. Notice must be more than a gesture. *Id*.

¶16     We find no error in the District Court's granting of summary judgment to Defendants on this issue. Gold was given adequate notice both that his car was to be towed and that his car was actually towed. He did not attempt to reclaim it. Therefore, the District Court properly found it was abandoned.

### B. Search and Seizure

¶17     There is no privacy right in abandoned property. *See State v. 1993 Chevrolet Pickup*, 2005 MT 180, ¶ 14, 328 Mont. 10, 116 P.3d 800. The alleged search and seizure of Gold's abandoned car was not prompted by criminal investigation, but was the result of the Defendants following the statutory procedure for abandoned vehicles. It was not an unreasonable search and seizure within the meaning of Article II, Section 11 of the Montana Constitution.

### C. Eminent Domain

¶18    Private property shall not be taken or damaged for *public* use without just compensation. Mont. Const. art. II, section 29 (emphasis added). Generally, acts conducted in the proper exercise of police power do not constitute a taking of property and do not entitle the owner to compensation. *Knight v. City of Missoula*, 252 Mont. 232, 242, 827 P.2d 1270, 1276 (1992). The Montana Legislature has specifically allowed local governments to remove abandoned vehicles from highways, county roads, and city streets. *See* §§ 61-12-401 to 408, MCA. We find that neither the towing nor sale of Gold's vehicle, and the personal property inside, constitute a taking of private property for public use, but rather were proper exercises of police powers granted by statute.

### D. Equal Protection

¶19    The basic rule of equal protection is that persons similarly situated should receive like treatment. *Blehm v. St. John's Lutheran Hospital, Inc.*, 2010 MT 258, ¶ 23, 358 Mont. 300, ___ P.3d. ___. The first step is to identify the class of persons. *Satterlee v. Lumberman's Mutual Casualty Co.*, 2009 MT 368, ¶ 15, 353 Mont. 265, 222 P.3d 566. Gold did not specify the class involved in his Amended Complaint, or in further briefing, and, therefore, did not state an equal protection claim. Summary judgment was appropriate.

### E. Loss of Use

¶20    Gold's alleged constitutional violations formed the basis for any damages in his "loss of use" claims. Because no constitutional violations were found, there are no damages. Consequently, it was proper to dismiss the "loss of use" claims.

### F. Mental and Emotional Distress

¶21 Finally, it was proper to grant summary judgment on Gold's mental and emotional distress claims. A claim for negligent or intentional emotional distress arises under circumstances where serious or severe emotional distress to a plaintiff was the reasonably foreseeable consequence of the defendant's negligent or intentional act or omission. *Sacco v. High Country Independent Press*, 271 Mont. 209, 237, 896 P.2d 411, 428 (1995). Defendants acted lawfully under the statute regarding abandoned vehicles. Further, it was for the District Court to decide whether, on the evidence, serious or severe emotional distress could be found. *Id*. at 233, 896 P.2d at 425. Gold did not provide any factual information to support his allegation that he suffered serious or severe emotional distress, even after being ordered to provide discovery on the issue.

¶22 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The legal issues are controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's determination on all issues.

¶23 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON

7

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS